(No. 00008-▮▮▮▮)

PATRICIA R. DEAL, as wife of DONALD DEAL, deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 25, 1972.*

PATRICIA R. DEAL, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, and VINCENT J. BISKUPIC, Special Assistant Attorney General, for Respondent.

BURKS, J.

This claim, arising out of the death of a volunteer fireman, DONALD DEAL, of the Hoffman Estates Fire Protection District, was filed pursuant to provisions of the "Law Enforcement Officer and Firemen Compensation Act," *Ch. 48, Sec. 281 et seq., Ill.Rev. Stat., 1971.* Claimant, PATRICIA R. DEAL, is the surviving spouse of the decedent and is the lawful claimant under Section 283(a) of the Act.

A hearing in this matter was held by the Court on August 3, 1972. The facts, which are not in dispute, are as follows: DONALD DEAL was a volunteer fireman for the Hoffman Estates Fire Protection District at the time of his death. On August 6, 1970, he reported for a scheduled fire department drill at approximately 9:30 a.m. Prior to the start of the drill, the decedent complained of a nauseous feeling and stated that his arms felt numb. He was instructed to sit down until he felt better. While he was resting, another fireman checked him and found that his condition had not improved. At 9:53 a.m. he was discovered in an unconscious condition and first aid measures were started. He was taken by ambulance to a hospital where he was pronounced dead on arrival. The death certificate recites that the immediate cause of death was "acute myocardial infarction" with the interval between onset and death "minutes".

Mrs. Deal testified that her husband had returned home on the morning of the incident at approximately 2:30 a.m.

complaining of pains in his chest and arms. Upon arising that morning he was still complaining of the same condition. There is no evidence to show that the decedent's death occurred during the active performance of duties as a fireman, pursuant to Section 282(e) of the Act. In fact, the Application for Benefits filed herein as well as the Attorney General's investigative report and the testimony elicited before this Court all indicated that the decedent had never embarked upon the performance of his duties on the date of his death.

There being no evidence to support a finding that DONALD DEAL was "killed in the line of duty" as defined in the Act, this claim must be denied. It is so ordered and this claim is denied.